

FILED

Aug 30 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lindsay N. Grubbs, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 30, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-572 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David Hooper, Magistrate <br><br> Trial Court Cause No. <br> 49G25-1807-F6-24993 |

**May, Judge.**

[1] Lindsay N. Grubbs appeals her convictions of Class A misdemeanor possession of methamphetamine[1] and Class C misdemeanor possession of paraphernalia.[2] Grubbs asserts the State failed to present sufficient evidence that she possessed methamphetamine and paraphernalia. We affirm.

## Facts and Procedural History

[2] On July 27, 2018, Officer Katrina McEvilly of the Indianapolis Metropolitan Police Department ("IMPD") was on patrol on the east side of Indianapolis when she ran the license plate on a black Monte Carlo travelling westbound on Washington Street. The report she received indicated the license plate was registered to a gray Pontiac, so Officer McEvilly initiated a traffic stop. The Monte Carlo was occupied by three people: the driver, the front seat passenger, and Grubbs, who was sitting in the back seat behind the passenger. Also in the back seat with Grubbs "was a bunch of personal property. It had a bunch of clothes, bags, personal belongings . . . a lot of people's personal belongings." (Tr. Vol. II at 9.) Next to Grubbs on the back seat was a blue purse, and Grubbs was holding a purse on her lap. Grubbs placed the purse she had been holding on the back seat when she exited the car.

---

[1] Ind. Code § 35-48-4-6.1(a).

[2] Ind. Code § 35-48-4-8.3(b)(1).

[3] Officer McEvilly determined she would tow the Monte Carlo in accordance with IMPD's standing general order 7.3, which controls the towing or impounding of vehicles, (*see* State's Ex. 2), and provides a vehicle may be towed if it has "no or improper certificate of registration or license plate." (State's Ex. 2 at 3.) Prior to the tow, Officer McEvilly was required to inventory all the property inside the car, including the items in the bags in the back seat of the car. Inside the purse that Grubbs had been holding, Officer McEvilly found a glass pipe used for smoking narcotics and "a baggie with white powder residue in it." (Tr. Vol. II at 14.) Laboratory testing determined the white powder residue was methamphetamine.

[4] The State charged Grubbs with Level 6 felony possession of methamphetamine and Class C misdemeanor possession of paraphernalia. Grubbs waived her right to a jury trial. After hearing evidence, the trial court found Grubbs guilty as charged. The court entered Grubbs' conviction of the Level 6 felony as a Class A misdemeanor because it was Grubbs' first felony conviction. The court sentenced Grubbs to 365 days for possession of methamphetamine, with 201 days suspended, and to 60 days for possession of paraphernalia, with 60 days suspended.

# Discussion and Decision

[5] Grubbs alleges the evidence was insufficient to support her convictions. When considering whether the State's evidence was sufficient to support convictions, "we consider only the probative evidence and reasonable inferences that

support the trial court's finding[s] of guilt." *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). If there is conflicting evidence, we considered it in the light most favorable to the judgment. *Id*. The evidence need not overcome every reasonable hypothesis of innocence. *Id*. Rather, we must affirm "unless no reasonable trier of fact could have found the elements of the crime [proven] beyond a reasonable doubt." *Id*.

[6] Specifically, Grubbs asserts the State failed to demonstrate she knowingly possessed the methamphetamine and paraphernalia. Convictions for possession of illegal items can be based on either actual or constructive possession. *Id*. Actual possession occurs when a person "has direct physical control over" an item. *Id*. Constructive possession can be inferred when a person had the capability and intent to maintain dominion and control over the item. *Id*.

[7] Grubbs asserts "the only evidence of constructive possession was her close proximity to the contraband." (Br. of Appellant at 4.) In support of her assertion, Grubbs notes the back seat of the Monte Carlo was filled with bags of personal items and yet the State produced no evidence that she knew what was in the "bag" that she had been holding. (*See*, *e.g.*, Reply Br. at 7) ("the State points to *no* additional circumstantial evidence to support an inference of guilty knowledge: only to the evidence that the bag was in Grubbs' control as it sat on her lap") (emphasis in original).

[8] In her briefs, Grubbs fails to acknowledge the "bag" she was holding was neither, for example, a large trash bag of personal property nor a suitcase of clothing, either of which she could have needed to hold to sit on the back seat that was filled with bags of personal property. Rather, the "bag" that Grubbs was holding on her lap was a purse. When there were two women and two purses in the car and Grubbs had one purse on her lap, the only reasonable inference is that the purse Grubbs was holding was her own. *See Norris v. State*, 732 N.E.2d 186, 191 (Ind. Ct. App. 2000) (noting a purse "is generally not an object for which two or more persons share common use and authority"). Officer McEvilly identified the purse Grubbs was holding as the purse containing "the pipe and also a baggie with white powder residue in it." (Tr. Vol. II at 14.)

[9] Although Grubbs testified that she does not carry a purse, that she did not have a bag in her lap, and that she did not know what was inside any of the bags in the back seat of the car, the trial court was not required to believe her testimony or to give it more weight than Officer McEvilly's testimony. *See Edgecomb v. State*, 673 N.E.2d 1185, 1194 (Ind. 1996) ("The jury is not required to believe every part of a defendant's testimony."), *reh'g denied*. Grubbs argues the State failed to prove she knew the methamphetamine and pipe were in the purse, such that she could have knowingly possessed those illegal items; however, when we have already concluded the evidence supports a reasonable inference that Grubbs was holding her own purse, such evidence also supports the inference that Grubbs knew what was inside her own purse. *See Halsema v.*

*State*, 823 N.E.2d 668, 673 (Ind. 2005) ("[W]hen determining whether an element exists, the [trier of fact] may rely on its . . . common sense and knowledge acquired through everyday experiences.").

# Conclusion

[10] Because the evidence was sufficient to support Grubbs' convictions, we affirm the trial court's judgment.

[11] Affirmed.

Najam, J., and Bailey, J., concur.